# UNITED STATES BANKRUPTCY COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

In re:

ANDRE LOUIS LITTLE, and
JACINTA LEVORA LITTLE

    Debtors.
_____/

ALAN C. MARTIN,

    Plaintiff,

v.

ANDRE LOUIS LITTLE,

    Defendant.
_____/

Case No. 6:10-bk-11405-ABB
Chapter 7

Adv. Pro. No. 6:10-ap-00255-ABB

## MEMORANDUM OPINION

This matter came before the Court on the Complaint (Doc. No. 1) filed by the *pro se* Plaintiff Alan C. Martin against the Defendant/Debtor Andre Louis Little requesting a debt be deemed nondischargeable. The Complaint identifies no Bankruptcy code or other statutory provision. The final evidentiary hearing was held on February 24, 2011. Both parties appeared *pro se*. The parties were given fourteen days after the hearing to submit any further argument or evidence. No post-hearing submissions were made. Based on the pleadings, argument and evidence, this is a 11 U.S.C. Section 523(a)(2)(A) cause of action.

Judgment is due to be entered in favor of Defendant pursuant to 11 U.S.C. Section 523(a)(2)(A) for the reasons set forth herein. The Court makes the following Findings of

Fact and Conclusions of Law after reviewing the pleadings and evidence, hearing live testimony and argument, and being otherwise fully advised in the premises.

## FINDINGS OF FACT

Defendant and his wife filed a Chapter 7 bankruptcy case on June 26, 2010. Plaintiff instituted this adversary proceeding against Defendant seeking a determination a judgment debt in the amount of $184,899.93, plus 6% interest, is nondischargeable.

Plaintiff is a licensed real estate broker. Defendant is a licensed real estate agent and mortgage broker who owned several residential rental properties as a part of his business. Plaintiff and Defendant met when Defendant rented space in an office building owned by Plaintiff. The parties entered into several short-term loan transactions in which Plaintiff was the lender and Defendant the borrower.

Defendant approached Plaintiff via email about the loan at issue. The loan was initially a bridge loan of $178,000.00, payable in thirty days with $5,000.00 interest. Defendant used the bridge loan as interim financing on a residential rental property he was purchasing ("the property"), which was secured with a mortgage on the property.

Defendant attempted to obtain permanent financing. He received tentative approval of a loan from Wachovia Bank, but then the loan underwriting guidelines changed and he was unable to secure the Wachovia loan.

Defendant informed Plaintiff of his trouble finding a permanent lender, and Plaintiff offered to refinance the bridge loan to provide permanent financing. Defendant accepted Plaintiff's offer and discontinued his search for other permanent financing. The new loan was a five-year loan of $182,000.00 at 8% interest and was secured by the property ("the new mortgage loan"). Defendant made payments to Plaintiff on the new

mortgage loan for approximately one year. Defendant's business then declined; he ran into financial difficulty; he stopped receiving rents from the property; and he stopped making payments on the new mortgage loan.

Plaintiff foreclosed on the property three months later[1] and obtained a deficiency judgment for $184,899.93 plus 6% post-judgment interest against Defendant. (Doc. No. 1, attachment). Plaintiff currently owns the property, which is rented for $620.00 per month.

Plaintiff contends that Defendant's promise to repay the bridge loan was false. Plaintiff's evidence of Defendant's intent is his unsupported assertion that, as a professional mortgage broker, Defendant knew or should have known that he could not get permanent financing to pay back the bridge loan. The court finds Plaintiff's evidence of Defendant's state of mind insufficient to carry Plaintiff's burden — to demonstrate by preponderance of the evidence the Defendant made a false representation to Plaintiff with the purpose and intent to deceive Plaintiff. A breach of a repayment promise does not constitute fraud.

Defendant intended to repay the bridge and new mortgage loans. The course of dealing between the parties is significant. Plaintiff and Defendant engaged in several loan transactions, and Defendant repaid each of the other loans.[2] Defendant believed he could find permanent financing for the property when he sought the bridge loan from Plaintiff; he sought permanent financing for the property and received a tentative loan approval from Wachovia bank but ultimately could not secure financing from Wachovia

---

[1] Defendant lost other rental properties to lenders.

[2] Plaintiff could not recall when the other loans were made, but he testified at least one of them was made after the transactions at issue. Defendant stated two or three of these loans were made before the bridge loan and new mortgage loan; others were made after.

or other lenders. Defendant believed he could repay the new mortgage loan at the time he received it from Plaintiff. Defendant's testimony was credible and supported by the fact he made some payments on the new mortgage loan, the prior course of conduct between the parties, and the changes in lenders' underwriting guidelines.

## CONCLUSIONS OF LAW

### *11 U.S.C. § 523(a)(2)(A)*

The party objecting to the dischargeability of a debt pursuant to 11 U.S.C. Section 523(a) carries the burden of proof and the standard of proof is preponderance of the evidence. Grogan v. Garner, 498 U.S. 279, 291 (1991). Objections to discharge are to be strictly construed against the creditor and liberally in favor of the debtor. Schweig v. Hunter (In re Hunter), 780 F.2d 1577, 1579 (11th Cir. 1986).

Plaintiff's Complaint sets forth a 11 U.S.C. Section 523(a)(2)(A) claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 9. It contains "a statement calculated to give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." United States v. Baxter Int'l, Inc., 345 F.3d 866, 881 (11th Cir. 2003) (*citation omitted*). Section 523(a)(2)(A) provides a discharge, pursuant to Section 727, does not discharge an individual from any debt "for money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained by—"

> false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's or an insider's financial condition.

11 U.S.C. § 523(a)(2)(A). Plaintiff must establish the traditional elements of common law fraud to prevail in a Section 523(a)(2)(A) action: (1) Debtor made a false representation with the purpose and intent to deceive Plaintiff; (2) Plaintiff relied on the misrepresentation; (3) the reliance was justified; and (4) Plaintiff sustained a loss as a

4

result of the misrepresentation. SEC v. Bilzerian (In re Bilzerian), 153 F.3d 1278, 1281 (11th Cir. 1998); Fuller v. Johannessen (In re Johannessen), 76 F.3d 347, 350 (11th Cir. 1996). Plaintiff must establish each of the four common law fraud elements by a preponderance of the evidence. Grogan, 498 U.S. at 291; In re Wiggins, 250 B.R. 131, 134 (Bankr. M.D. Fla. 2000).

The cornerstone element in a Section 523(a)(2)(A) nondischargeability proceeding is a misrepresentation made with the intent to deceive the creditor. A determination of fraudulent intent is an issue of fact and "depends largely upon an assessment of the credibility and demeanor of the debtor . . . ." Equitable Bank v. Miller (In re Miller), 39 F.3d 301, 305 (11th Cir. 1994). Intent is a subjective issue and a review of the totality of the circumstances is relevant in determining a debtor's intent. Id. "Proof of fraud in cases involving unfulfilled promises requires a plaintiff to prove that when a defendant made promises he knew he could not fulfill them or had no intention of fulfilling them." In re Pupello, 281 B.R. 763, 766 (Bankr. M.D. Fla. 2002). A breached promise to repay a loan alone does not constitute fraud. In re Bercier, 934 F.2d 689, 692 (5th Cir. 1991); In re Floyd, 177 B.R. 985, 988-89 (Bankr. M.D. Fla. 1995).

A creditor cannot establish nondischargeability pursuant to Section 523(a)(2)(A) without proof of reliance on intentional misstatements by the debtor. City Bank & Trust Co. v. Vann (In re Vann), 67 F.3d 277, 280 (11th Cir. 1995). The creditor's reliance upon the debtor's false representation must be justified. Field v. Mans, 516 U.S. 59, 73-75 (1995); In re Vann, 67 F.3d at 283-84. A plaintiff must establish a causal link between the debtor's misrepresentation and the resulting loss sustained by the plaintiff. Lightner v. Lohn, 274 B.R. 545, 550 (M.D. Fla. 2002).

*Analysis*

Defendant did not fulfill his payment obligation to Plaintiff. Failure to pay a debt is not the equivalent of fraud. Bercier, 934 F.2d at 692; In re Floyd, 177 B.R. at 988-89.

Plaintiff failed to carry his burden to establish Defendant made any false representation to Plaintiff with the purpose and intent to deceive Plaintiff when the loans were made. Defendant repaid each of the other loans; intended to repay the bridge and new mortgage loans; believed he could find permanent financing for the property when he sought the bridge loan from Plaintiff; believed he could repay the new mortgage loan at the time he received it; and made some payments on the new mortgage loan. He later breached his payment promises due to financial hardship. The Plaintiff fails to establish the first element of 11 U.S.C. Section 523(a)(2)(A); and, he fails to establish the second, third, and fourth elements — justifiable reliance on a misrepresentation that resulted in a loss to the Plaintiff.

Plaintiff has not established by a preponderance of the evidence the indebtedness is nondischargeable pursuant to Section 523(a)(2)(A) of the Bankruptcy Code. Any and all indebtedness owed by Defendant to Plaintiff is dischargeable pursuant to 11 U.S.C. Section 523(a)(2)(A) and is due to be discharged pursuant to 11 U.S.C. Section 727(a). Judgment is due to be entered in favor of Defendant and against Plaintiff.

Accordingly, it is

**ORDERED, ADJUDGED and DECREED** that the relief sought in Plaintiff's Complaint (Doc. No. 1) is hereby **DENIED**; and it is further

**ORDERED, ADJUDGED and DECREED** that the indebtedness owed to Plaintiff is **DISCHARGEABLE** pursuant to 11 U.S.C. Sections 523(a)(2)(A) and (a)(6).

A separate Judgment consistent with these Findings of Fact and Conclusions of Law shall be entered contemporaneously.

Dated this 24th day of March, 2011.

ARTHUR B. BRISKMAN
United States Bankruptcy Judge